EDWARD J. LEBEAU

*v.*

STATE OF ILLINOIS.

*Opinion filed December 19, 1908.*

1. MILITARY SERVICE—*when recovery may be had.* Claimant was injured while in performance of his duties in the military service of the State at Camp Lincoln. *Held,* that claimant is entitled to an award for loss of time.

2. EXPENSES—*what are proper.* Expense of a private room in a hospital is a reasonable expense to be included in the claim.

3. SAME—*what are not proper.* Expenses of a special diet, fruit, flowers, laundry and clothing are not proper items of expense to be included in the claim.

4. DAMAGES—*what may be considered in measuring.* Impaired health, earning capacity, mental worry, anguish and permanent disfigurement of body may be considered in determining the amount of an award.

Frank J. Burns, for Claimant.

W. H. Stead, Attorney General, for State.

Edward J. Lebeau, claimant in the above entitled cause, filed his claim on the 23rd day of April, A. D. 1908, with the Auditor of Public Accounts of the State of Illinois, for the sum of seven hundred three dollars and eighty cents ($703.80), which claim by leave of Court was amended to nine hundred three dollars and thirty cents ($903.30). The Attorney General of the State of Illinois plead the general issue to the said claim and amendment. The said claimant filed depositions in support of his claim.

The said claimant seeks to recover damages by reason of the alleged serious injuries received while in the military service of the State of Illinois, on or about the 3rd day of July, A. D. 1906, at Camp Lincoln, near Springfield, Illinois, where the said Lebeau was in the actual performance of his duties under military orders from his superior officers at the annual encampment of the Third Infantry, Illinois National Guard.

The claimant, on the 16th day of May, A. D. 1906, at twenty-three years of age, enlisted as a soldier in Company L of the Third Regiment of Infantry, Illinois National Guard, for the term of three years, at Kankakee, Illinois, and was a member of the said company under the rank of corporal, at the time of the said injury.

The said claimant was under military orders of his superior officers and was in charge of the stable detail on the 3rd day of July, 1906, when the said injury occurred. It was the claimant's duty under the said orders to transfer the horses from the stable detail located in the rear of the quarters of the field officers of said regiment at Camp Lincoln to the picket line, about a quarter of a mile distant, to the place of drill and ceremony, for the use of the superior officers. In pursuance of his said duties, while riding one horse and leading two other horses to the aforesaid picket line from the stable detail, and while in the exercise of due care and caution for his own safety, one of the horses he was leading suddenly became frightened and pulled said Lebeau backward with such force and violence that he was then and there ruptured. Being severely injured, he was assisted by several soldiers to the camp hospital at said Camp Lincoln and was taken from there under military orders to the emergency hospital at Kankakee, Illinois, for proper medical attention, and where Captain R. C. Bourland, Assistant Surgeon of the Third Infantry, Illinois National Guard, acting under military orders of his superior officers, performed a necessary surgical operation on the said claimant for inguinal hernia. The operation is regarded as a major operation. Claimant remained at the said hospital for a period of about five weeks and was confined to his bed the major portion of that time and did not recover sufficiently to resume work at his usual trade, which was that of a carpenter, nor to perform work of any kind until about the first day of October, A. D. 1906, and was therefore by reason of

the said injuries rendered incapable of following his usual occupation from the third day of July until about the first day of October, A. D. 1906. The record in this case tends to show that the said operation was entirely successful, and that the claimant fully recovered from the effects of the said injury and the said operation. Said Captain Bourland was assisted in the said operation by Doctors G. H. Lee and J. H. Kanaga, of Kankakee, Illinois.

The item in claimant's bill of particulars for six hundred forty-eight (648) hours loss of time at thirty-five ($.35) cents per hour, the wages received per hour, and for loss of overtime estimated at sixty (60) hours at fifty-two and one-half ($.52$\frac{1}{2}$) cents per hour, the wages received per hour for overtime, making a total of two hundred fifty-eight dollars and thirty cents ($258.30), the Court is of the opinion has been established by the evidence and should be allowed. The said overtime clearly represents a part of the claimant's earning capacity.

> Section 4, article XI, chapter 129, Revised Statutes of Illinois.

Referring to the expense item in claimant's bill of particulars for two dollars per week for five weeks, amounting to ten ($10.00) dollars, for a private room for claimant while in the said hospital, the Court is of the opinion that said item is a reasonable expense and materially added to the comfort and aided in the speedy recovery of the claimant and should be allowed in his behalf.

Referring to the item in claimant's bill of particulars for forty ($40.00) dollars to father and sister by reason of special diet, fruit, flowers, laundry, clothing and supplies, the Court is of the opinion after a careful examination of the record that the said item of forty ($40.00) dollars should be disallowed, as it is clearly established by the record in this case that the said hospital furnished all proper and necessary diet for the claimant, and that the fruit and flowers fur-

nished were luxuries and so far as the evidence discloses the item of laundry, clothing and supplies are not matters which can be charged against the State. It would seem that this item is entirely of a personal and affectionate nature and what was advanced to the claimant by his said father and sister not of a personal nature, was, as a matter of kindness and affection, and cannot properly be charged as an item of expense against the said State. The said item is therefore disallowed.

Referring to the item in claimant's bill of particulars for the alleged difference in wages from Christmas, 1906, to July 1, 1907, by reason of claimant being forced to abandon the trade of carpenter and accept employment of a less laborious nature, which was also a dollar and a quarter per day less remunerative, the said loss is therein estimated as being one hundred fifty-six (156) actual working days at a loss of one dollar and twenty-five cents ($1.25) per day, amounting to a total loss of one hundred ninety-five ($195.00) dollars.

With reference thereto, claimant states in his testimony, that he was examined by a physician since being discharged from the hospital, and there is no intimation that he had not fully recovered, and he further states that he has received no treatment whatever after being discharged from the said hospital. Referring to claimant's testimony, he was asked the following questions, and answered as follows:

On page 5, "Was your health good after you left the hospital?"

A.  "Yes, sir."

On page 7, "How long did you work at the carpenter trade after you left the hospital?" Answer, "Until last Christmas."

On page 9 he was asked, "Do you ever have any pain in the place where the operation was performed?" Answer, "No, sir."

The claimant began work at his usual trade at the same pay per diem on or about the first day of October, A. D. 1906, and continued for several months in the same employment as he was engaged in before the said injury, and made no complaint of disability, which would tend to establish that his earning capacity had been impaired on or about or after the first day of October, 1906. It also appears from the record that claimant, after about the middle of October of the year in question, resumed the usual and customary drilling with his military company with the same degree of efficiency exercised prior to said injury.

It appears further from the evidence in this case that claimant, after resuming work on or about October 1, 1906, after the said injury, worked continuously. It is urged that he was forced by reason of the said injury, to accept employment of a less laborious nature. It does not appear from the evidence that claimant necessarily abandoned the carpenter trade on account of the said injury. Claimant says in his testimony the fear which he entertained in regard to doing any heavy lifting, existed only in his mind. The evidence tends to show that claimant had fully recovered from the said injury and operation, and was capable of following his usual trade and calling from Christmas, 1906, to July 1, 1907, and the said item of one hundred ninety-five ($195.00) dollars is therefore disallowed.

Referring to the item in claimant's bill of particulars for impaired health, earning capacity, mental worry, anguish and permanent disfigurement of body, it appears from the evidence that claimant was temporarily impaired in health, and in his earning capacity after the said injury, and prior to, on or about the first of October, 1906, and that claimant suffered pain by reason of the said injury. The Court is of the opinion that no permanent disfigurement of body has been shown by the proof in this case, and after a thorough consideration of all the evidence and the merits

of the said case, the Court finds that the sum of four hundred ($400.00) dollars will compensate claimant for all loss occasioned by reason of the said injury.

It is therefore the conclusion of the Court that the claimant is entitled to an award of four hundred ($400.00) dollars.